```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                     :
                                                           :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                 :   Case No. 25-10264-lgb
                                                           :
                Debtor.                                    :
-----------------------------------------------------------x
                                                           :
JONATHAN CORNELL,                                          :
                                                           :
                        Plaintiff,                         :   Adv. Pro. No. 25-01161-lgb
                                                           :
        -against-                                          :
                                                           :
BRITTNEY MICHELLE WATKINS,                                 :
                                                           :
                Defendant.                                 :
-----------------------------------------------------------x
```

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff Jonathan Cornell, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b)(2), as incorporated by Federal Rule of Bankruptcy Procedure 7055, and Local Bankruptcy Rule 7055-2, for entry of a default judgment against Defendant Brittney Michelle Watkins. In support thereof, and for the reasons set forth in the accompanying Memorandum of Law and Cornell Affidavit with Exhibits filed concurrently herewith, Plaintiff states as follows:

**I.  PROCEDURAL BACKGROUND**

1. On December 29, 2025, Plaintiff filed his Complaint to Deny Discharge and Determine Dischargeability of Debt [ECF No. 1] (the *"Complaint"*). The Complaint alleges five counts: (i) denial of discharge for false oath under 11 U.S.C. § 727(a)(4)(A); (ii) denial of discharge for concealment of property under 11 U.S.C. § 727(a)(2)(A); (iii) denial of discharge for failure

- 1 -

to explain loss of assets under 11 U.S.C. § 727(a)(5); (iv) non-dischargeability for actual fraud under 11 U.S.C. § 523(a)(2)(A); and (v) non-dischargeability for fraud by false financial statement under 11 U.S.C. § 523(a)(2)(B).

2. The Summons was issued by this Court on January 2, 2026 [ECF No. 2]. On January 6, 2026, Plaintiff served the Summons and Complaint upon Defendant and her counsel of record in the main bankruptcy case, Jeb Singer, Esq. of J. Singer Law Group, in accordance with Federal Rule of Bankruptcy Procedure 7004. Proof of service was filed with this Court [ECF No. 3]. Pursuant to Federal Rule of Bankruptcy Procedure 7012(a), Defendant's answer or other responsive pleading was due on or before February 2, 2026. Defendant failed to answer, move, or otherwise respond to the Complaint within the time required.

3. On February 3, 2026, upon Plaintiff's request, the Clerk of Court entered the default of Defendant Brittney Michelle Watkins [ECF No. 5] (the *"Clerk's Entry of Default"*).

4. On February 9, 2026, Defendant filed a letter with this Court [ECF No. 7] representing that she had not received notice from her attorney. That letter presents no substantive response to any of the five Counts alleged in the Complaint, and contains no meritorious defense within the meaning of *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993).

5. This Court entered an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for **March 12, 2026 at 10:00 AM ET via Zoom for Government**, at which Defendant is directed to show cause why the Clerk's Entry of Default should not remain in effect. Plaintiff's Motion for Default Judgment will be heard at that same consolidated hearing. Plaintiff is serving this Motion and all supporting papers upon Defendant and her counsel of record at least fourteen

(14) days before the March 12, 2026 hearing, satisfying the notice requirement of Fed. R. Civ. P. 55(b)(2).

## II. BASIS FOR RELIEF

6. Upon the entry of default, this Court must "accept all [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor" and determine whether those allegations "establish [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Well-pleaded factual allegations in the Complaint are admitted by the default. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The burden of proof applicable to discharge denial and non-dischargeability determinations is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

7. The Complaint's well-pleaded factual allegations, admitted by virtue of Defendant's default, establish liability on each of the five Counts as a matter of law. The legal authorities and evidentiary record supporting each Count are set forth in full in the accompanying Memorandum of Law, which is incorporated herein by reference, and are authenticated by the Cornell Affidavit with Exhibits filed concurrently herewith.

8. In summary, the record establishes the following: Defendant fabricated employment documents—including pay stubs and a W-2 bearing a stolen Employer Identification Number—and a fictitious landlord reference to induce Plaintiff to enter into a residential lease. She then paid no rent for over fourteen months. She filed for Chapter 7 bankruptcy after losing two Bronx County Civil Court housing proceedings, concealing from this Court and its Trustee her active financial accounts, her knowledge of the eviction judgments, and her extensive undisclosed financial relationship with co-applicant Dominick Franklin White. She made

multiple materially false statements under oath, including at the March 13, 2025 Meeting of Creditors and in sworn schedules submitted to this Court. When subjected to a court-ordered Rule 2004 examination on September 25, 2025, she abruptly abandoned the proceeding after 29 minutes, immediately upon questioning about the fabricated pay stubs, and has never provided any explanation. Defendant's default admits each of these allegations.

### III.  THE CLERK'S ENTRY OF DEFAULT SHOULD NOT BE VACATED

9. Defendant's letter [ECF No. 7] requesting that the default be set aside should be denied. This Court evaluates such requests under three factors: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the prejudice to the plaintiff. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). All three factors weigh decisively against vacatur, as set forth in full in the accompanying Memorandum of Law.

10. In brief: the default was willful, as Defendant and her main bankruptcy counsel of record were properly served and a party's failure to ensure adequate legal representation in this adversary proceeding is within her own control, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); Defendant has presented no meritorious defense—her letter contains no response whatsoever to the five Counts of the Complaint—and the documentary record is not susceptible to good-faith denial; and vacatur would materially prejudice Plaintiff, who has expended substantial resources on multiple third-party subpoenas, court reporter fees, and process server costs, and who faces the risk that financial records with finite retention periods may become unavailable.

## IV.  DAMAGES

11. Plaintiff requests that this Court determine that the total amount of $81,267.79 owed by Defendant constitutes a non-dischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(2)(B), and fix that amount as the quantum of Plaintiff's non-dischargeable claim for all purposes, including any subsequent proceeding to reduce the debt to judgment. This figure represents a more precise calculation of damages than the "exceeding $70,000" estimate stated in the Complaint, reflecting the completion of the post-vacancy property inspection and final ledger reconciliation following Plaintiff's regaining legal possession on March 27, 2025. This figure is documented in the Cornell Affidavit at ¶¶9, 22–24 and Exhibit G thereto, and comprises:

   (a) Pre-petition balance: $62,644.88 as of the February 11, 2025 petition date (Cornell Aff. ¶22; Ex. T), consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees incurred in the Bronx County housing proceedings; and

   (b) Post-petition losses: $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025 (through the date of marshal's legal possession at $159.67/day); $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs confirmed upon Plaintiff's regaining possession on March 27, 2025 (Cornell Aff. ¶24; Ex. G).

12. Plaintiff additionally requests pre-judgment interest accruing from the date each obligation arose and post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961, to be included within the Court's determination of the total non-dischargeable amount. The legal basis for the scope of recoverable damages is set forth in the accompanying Memorandum of Law at Section V.

## V. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law and Cornell Affidavit, Plaintiff Jonathan Cornell respectfully requests that this Court enter an Order:

(a) Denying Defendant's discharge in its entirety pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and/or 727(a)(5);

(b) In the alternative, determining that Plaintiff's debt of $81,267.79 is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(2)(B), and fixing said amount as the quantum of Plaintiff's non-dischargeable claim for purposes of all subsequent proceedings, including any action to reduce said debt to judgment;

(c) Declining to vacate the Clerk's Entry of Default [ECF No. 5];

(d) Awarding Plaintiff pre-judgment interest from the date each obligation arose and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961;

(e) Awarding Plaintiff costs and expenses of this adversary proceeding pursuant to Bankruptcy Rule 7054 and Federal Rule of Civil Procedure 54(d);

(f) Entering findings that the complete failure of Dominick Franklin White to comply with this Court's orders directing his Rule 2004 examination supports adverse inferences that his testimony would establish facts unfavorable to Defendant regarding her income, financial accounts, and the circumstances of the fraudulent lease application, pursuant to *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); and

(g) Granting such other and further relief as the Court deems just and proper.

Dated:  February 25, 2026
        Manhasset, New York

_____
Jonathan Cornell, Pro Se
120 Bourndale Road North
Manhasset, New York 11030
(646) 374-8267
cornell.jonathan@gmail.com