```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :
                                                :     Chapter 7
BRITTNEY MICHELLE WATKINS,                      :     Case No. 25-10264-lgb
                                                :
                Debtor.                         :
-------------------------------------------------------------x
                                                :
JONATHAN CORNELL,                               :
                                                :
                        Plaintiff,              :     Adv. Pro. No. 25-01161-lgb
                                                :
        -against-                               :
                                                :
BRITTNEY MICHELLE WATKINS,                      :
                                                :
                        Defendant.              :
-------------------------------------------------------------x
```

### AFFIDAVIT OF JONATHAN CORNELL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

Jonathan Cornell, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned adversary proceeding and the owner of the residential premises located at 143 Admiral Lane, Unit 321, Bronx, New York 10473 (the "Premises"). I reside at 120 Bourndale Road North, Manhasset, New York 11030. I submit this Affidavit in support of my Motion for Default Judgment. I have personal knowledge of the facts set forth herein.

2. Annexed hereto as Exhibits A through V are true and correct copies of the documents described below. All documents are authentic records that I either created, received, or

obtained through court-authorized discovery in the main bankruptcy case. Where indicated, redactions have been made in accordance with Fed. R. Bankr. P. 9037.

3. In June 2023, Defendant Brittney Michelle Watkins ("Defendant") and co-applicant Dominick Franklin White ("White") submitted a rental application for the Premises through a third-party screening platform. The application included pay stubs purportedly from Robert Half International dated May 26 and June 9, 2023, showing year-to-date earnings of $28,400 on June 9, 2023; W-2s from Robert Half International and Saint Barnabas Hospital both bearing EIN 13-1740122; pay stubs for White purportedly from St. Barnabas Hospital dated May 25 and June 8, 2023, each showing net pay of $4,357.34; and a landlord reference from "Amanda Moss". Annexed hereto as **Exhibit A** is a redacted copy of the complete rental application, received by me on or about June 17, 2023. I have redacted month and day of birth pursuant to Fed. R. Bankr. P. 9037(a)(2) and minor children's names pursuant to Fed. R. Bankr. P. 9037(a)(3). I have not otherwise altered this document.

4. Annexed hereto as **Exhibit B** is a true and correct copy of the subpoena response received from St. Barnabas Hospital on or about September 15, 2025 in response to a subpoena served by Plaintiff through Rule 2004 examination authority granted by this Court [ECF No. 23]. This response shows that White's actual net pay was $2,758.10 (May 25, 2023) and $1,896.14 (June 8, 2023)—not the $4,357.34 on the application. It also confirms that EIN 13-1740122 belongs to St. Barnabas Hospital, not Robert Half International.

5. Annexed hereto as **Exhibit C** is a true and correct copy of the subpoena response received from Municipal Credit Union pursuant to Rule 2004 examination authority [ECF No. 23]. White's MCU account received direct deposits from St. Barnabas of $600.00 on May 10

and May 24, 2023, and $1,896.14 on June 7, 2023, matching the authentic pay stubs to the penny.

6. Annexed hereto as **Exhibit D** is a true and correct copy of an email I received from Peter Oliveri Esq, attorney for 1719 Gates LLC and CW Realty Group. The email is a forward from Shaye Falkowitz, an authorized representative of 1719 Gates LLC and CW Realty Group, on or about March 18, 2025, confirming that "Amanda Moss is not and was never an agent of the LLC nor an employee of the management."

7. Annexed hereto as **Exhibit E** is a true and correct screenshot of my Google Voice call log reflecting a call I placed on June 19, 2023 to (929) 353-0387, the number listed on the application for "Amanda Moss." The person answering confirmed Defendant as a tenant in good standing after confirming her identity as "Amanda Moss". This screenshot was taken at 11:37pm on Tuesday February 24th, 2026 from my iPhone 15 Pro mobile phone.

8. Annexed hereto as **Exhibit F** is a true and correct copy of the residential lease for the Premises, which I executed on June 23, 2023 and maintain in the ordinary course of my business as landlord. The monthly rent was $3,300 with a holdover rate of $4,950 per month. I would not have executed this lease had I known the application materials were false.

9. Annexed hereto as **Exhibit G** is the tenant ledger I maintain in the ordinary course of my business as landlord using Stessa property management software, reflecting all charges and credits for the Premises. Entries are made at or near the time of each transaction by me or under my direction. This ledger reflects all charges and credits for the time that Defendant and White occupied the Premises and through the completion of property restoration. The total outstanding balance is $81,267.79.

10. Annexed hereto as **Exhibit H** are selected pages from records produced by Block, Inc. (formerly Square, Inc.) pursuant to subpoena in Case No. 25-10264-lgb. The complete production was received under cover letter dated August 1, 2025 from Legal Process Specialist Shelley Combs and accompanied by a Certification of Records of Regularly Conducted Business Activities pursuant to Fed. R. Evid. 902(11). A copy of the cover letter and certification is included as part of Exhibit H. Exhibit H contains only transactions reflecting: (a) bidirectional transfers between Defendant and White through their respective CashApp accounts; and (b) rent payments from White to me for the Premises. Financial account numbers are redacted to the last four digits per Fed. R. Bankr. P. 9037(a)(4). The complete unfiltered records are maintained in my files and available for examination pursuant to Fed. R. Evid. 1006(b).

11. Annexed hereto as **Exhibit I** is a true and correct compilation of Zelle payment records obtained through subpoena responses from Early Warning Services, LLC, documenting payments sent by White. The complete production was received under cover letter dated August 26, 2025 from Early Warning Services, Subpoena Processing. All rent payments for the Premises originated from White's accounts, not Defendant's. Exhibit I also reflects three Zelle payments from White's Municipal Credit Union account directly to J. Singer Law Group, PLLC—Defendant's counsel of record in the main bankruptcy case—totaling $1,000: $400 on February 3, 2025 (Zelle memo: "For Brittney M Watkins to pay Lawyer"), $400 on March 1, 2025 (Zelle memo: "From Brittney Watkins proof of payment to Lawyer"), and $200 on April 2, 2025 (Zelle memo: "Paying to law firm"). These payments demonstrate that White was funding Defendant's bankruptcy legal representation while Defendant's schedules disclosed none of this financial relationship.

12. Annexed hereto as **Exhibit J** is a true and correct copy of the transcript of the Meeting of Creditors held on March 13, 2025, at which I was present and questioned Defendant.

13. Annexed hereto as **Exhibit K** is a true and correct copy of the sworn affidavit submitted by Defendant to Chapter 7 Trustee Alan Nisselson, which I obtained through discovery from Defendant's counsel in this case. In it, Defendant stated she lacked sufficient income in 2023 to require filing a tax return and did not work in 2023.

14. Annexed hereto as **Exhibit L** are selected pages from records produced by Bank of America, N.A. pursuant to Rule 2004 examination authority. Exhibit L contains: (a) account signature cards establishing Defendant as the owner of accounts DDA 4976 and DDA 4989; and (b) the final account statement for the period preceding account closure in February 2025. Financial account numbers are redacted to the last four digits per Fed. R. Bankr. P. 9037(a)(4). The complete production is maintained in my files and available for examination.

15. Annexed hereto as **Exhibit M** is a true and correct copy of the subpoena response received from Early Warning Services, LLC pursuant to Rule 2004 examination authority. This response confirms that Defendant maintained a Zelle account tied to email [Brittneymwatkins004@gmail.com](Brittneymwatkins004@gmail.com), which was used to send and receive funds to and from White. The records produced by Early Warning Services constitute records of regularly conducted business activity within the meaning of Fed. R. Evid. 803(6) and were produced in the ordinary course of Early Warning Services' business.

16. Annexed hereto as **Exhibit N** is a true and correct copy of a PayPal account statement for Defendant's account obtained from Defendant's counsel on May 19, 2025, showing the existence of Defendant's PayPal account and activity during February 2025.

17. Annexed hereto as **Exhibit O** are selected pages from records received from Green Dot Bank (custodian of Apple Cash) pursuant to subpoena in Case No. 25-10264-lgb. These records were produced as business records maintained in the regular course of Green Dot Bank's operations. The complete unfiltered records are maintained in my files and available for examination pursuant to Fed. R. Evid. 1006(b). These records show transactions between Defendant and White.

18. Annexed hereto as **Exhibit P** is a summary chart I prepared based on subpoena responses from Block, Inc., Early Warning Services, and Green Dot Bank, compiling all bidirectional transactions between Defendant and White. This chart documents 416 transactions totaling $27,663.19 (Defendant received $11,804.64; Defendant transferred $15,858.55). This summary is offered pursuant to Fed. R. Evid. 1006; the underlying records are maintained in my files and available for examination.

19. Annexed hereto as **Exhibit Q** is a true and correct copy of the transcript prepared by Joshua B. Edwards, RDR, CRR, court reporter retained by Plaintiff, of the Rule 2004 examination of Defendant conducted via Zoom on September 25, 2025. I have redacted minor children's names pursuant to Fed. R. Bankr. P. 9037(a)(3). I have not otherwise altered this document.

20. Annexed hereto as **Exhibit R** is a true and correct copy of my Affidavit filed in the main bankruptcy case at ECF No. 48, documenting the chronology of Defendant's walkout from the Rule 2004 examination.

21. Annexed hereto as **Exhibit S** is a true and correct copy of the response letter dated July 22, 2025 from Cosette Leung, Sr. HR Compliance Analyst at Robert Half Inc., received in response to subpoena in Case No. 25-10264-lgb. The production was accompanied by an Affidavit of Custodian of Records executed by Margaret Asuncion, Director of HR

Compliance at Robert Half Inc., certifying pursuant to Fed. R. Evid. 902(11) that no records exist for the specified account holder and time period. Robert Half found no employment records for Defendant from January 2023 to the present. I received this response via email and have maintained it without alteration. A copy of the custodian affidavit is included as part of Exhibit S.

22. Annexed hereto as **Exhibit T** is a snapshot of the tenant ledger as of the February 11, 2025 petition date. I prepared this snapshot from my contemporaneous business records maintained in the Stessa property management software and confirm that it accurately reflects all charges and credits as of February 11, 2025

23. Annexed hereto as **Exhibit U** are true and correct copies of court records from Binghamton City Court, Case No. LT-126012-20/BI, a non-payment proceeding filed by landlord Michael K. Reid against Defendant. Annexed hereto as **Exhibit V** is a sworn affidavit of Michael K. Reid confirming the prior proceedings and that he recovered possession through settlement.

24. I obtained judgments of possession in Bronx County Civil Court in LT-308077-24/BX (non-payment, judgment January 24, 2025) and LT-324389-24/BX (holdover, judgment January 23, 2025). Defendant filed her Chapter 7 petition on February 11, 2025. This Court granted relief from the automatic stay [ECF No. 16]. The City Marshal executed the eviction March 27, 2025, restoring my full legal possession. Upon inspection, I discovered intentional property damage to walls, doors, and appliances requiring $11,946.96 in professional restoration, as itemized in the tenant ledger (Ex. G).

25. White failed to appear for his court-ordered Rule 2004 examination despite multiple orders of this Court [ECF Nos. 23, 29, 30, 42] and proper service of process.

Dated: February 25, 2026,
Manhasset, New York

_____
Jonathan Cornell, Pro Se
120 Bourndale Road North
Manhasset, NY 11030
(646) 374-8267
cornell.jonathan@gmail.com

Sworn to before me this 25th day of February, 2026

_____
Notary Public

Mohan. D. Buxani
Notary Public, State of New York
Registration No. 01BU6266896
Qualified In New York County
Commission Expires August 06, 2028