UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                        :
                                                              :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                    :   Case No. 25-10264-lgb
                                                              :
                    Debtor.                                   :
---------------------------------------------------------------x
                                                              :
JONATHAN CORNELL,                                             :
                                                              :
                    Plaintiff,                                :   Adv. Pro. No. 25-01161-lgb
                                                              :
    -against-                                                 :
                                                              :
BRITTNEY MICHELLE WATKINS,                                    :
                                                              :
                    Defendant.                                :
---------------------------------------------------------------x

**[PROPOSED]**
**DEFAULT JUDGMENT**

UPON the Motion for Default Judgment (the "Motion") of Plaintiff Jonathan Cornell ("Plaintiff"), filed on February 25, 2026, together with the Affidavit of Jonathan Cornell in Support of Plaintiff's Motion for Default Judgment (the "Cornell Affidavit") with Exhibits A through V, and the Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (the "Memorandum"); and Plaintiff appearing *pro se*; and the Complaint to Deny Discharge and Determine Dischargeability of Debt [ECF No. 1] (the "Complaint") having been filed on December 29, 2025, and the Summons having been issued by this Court on January 2, 2026 [ECF No. 2], and Plaintiff having served the Summons and Complaint upon Defendant Brittney Michelle Watkins ("Defendant") and her counsel of record, Jeb Singer, Esq. of J. Singer Law Group, on January 6, 2026 [ECF No. 3]; and Defendant having failed to answer, move, or otherwise respond to the Complaint within the time prescribed by Federal Rule of Bankruptcy Procedure 7012(a)(1); and the Clerk of Court having entered the default of Defendant on

February 3, 2026 [ECF No. 5]; and this Court having entered an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for March 12, 2026 at 10:00 AM ET, at which Defendant was directed to show cause why the Clerk's Entry of Default should not remain in effect and at which Plaintiff's Motion for Default Judgment was heard; and due notice of the Motion having been given to Defendant and her counsel of record; and this Court having considered the Motion, the Cornell Affidavit with Exhibits, the Memorandum, the Complaint, and the entire record herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default [ECF No. 5] is sustained and shall not be vacated; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is entered in favor of Plaintiff Jonathan Cornell and against Defendant Brittney Michelle Watkins; and it is further

**ORDERED, ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5), the discharge of Defendant Brittney Michelle Watkins is hereby **denied**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in the alternative to the relief granted in the preceding decretal paragraph, Plaintiff's debt in the amount of $81,267.79 is determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), and such amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim for purposes of all subsequent proceedings, including any action to reduce said debt to judgment; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the total amount of Defendant's non-dischargeable obligation to Plaintiff pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), is $81,267.79, comprising:

  (a) Pre-petition balance of $62,644.88, consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and

  (b) Post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025; $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs;

and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded pre-judgment interest from the date each obligation arose and post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded costs and expenses of this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(d), in an amount to be determined upon submission of a bill of costs; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Court finds that the complete failure of Dominick Franklin White to comply with this Court's orders directing his Rule 2004 examination [ECF Nos. 23, 29, 30, 42 in Case No. 25-10264-lgb] supports adverse inferences that his testimony would have established facts unfavorable to Defendant regarding her income, financial accounts, and the circumstances of the fraudulent lease application, pursuant to *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); and it is further

**ORDERED** that Plaintiff is granted such other and further relief as is just and proper.

Dated: _____, 2026
New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE