UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                        :
                                                              :        Chapter 7
BRITTNEY MICHELLE WATKINS,                                     :
                                                              :        Case No. 25-10264-lgb
                                          Debtor              :

---------------------------------------------------------------x
                                                              :
JONATHAN CORNELL,                                             :        Adv. Proc. No. 25-01161
                                                              :
                                          *Plaintiff,*        :
                                                              :
                      *v.*                                    :
                                                              :
BRITTNEY MICHELLE WATKINS,                                    :
                                                              :
                                          *Defendant.*        :

---------------------------------------------------------------x

## [PROPOSED]
## DEFAULT JUDGMENT ORDER

**UPON** the Motion for Default Judgment (the "Motion") of Plaintiff Jonathan Cornell ("Plaintiff"),

filed on February 25, 2026 [ECF No. 10], together with the Affidavit of Jonathan Cornell in

Support of Plaintiff's Motion for Default Judgment (the "Cornell Affidavit") with Exhibits A

through V [ECF No. 10, Attachments 1–10], and the Memorandum of Law in Support of Plaintiff's

Motion for Default Judgment (the "Memorandum") [ECF No. 11]; and the Complaint to Deny

Discharge and Determine Dischargeability of Debt [ECF No. 1] (the "Complaint") having been

filed on December 29, 2025, and the Summons having been issued by this Court on January 2,

2026 [ECF No. 2], and Plaintiff having served the Summons and Complaint upon Defendant

Brittney Michelle Watkins ("Defendant") and her counsel of record, Jeb Singer, Esq. of J. Singer

Law Group, on January 6, 2026 [ECF No. 3]; and Plaintiff appearing pro se; and

Defendant having failed to answer, move, or otherwise respond to the Complaint within the time

prescribed by Federal Rule of Bankruptcy Procedure 7012(a)(1); and the Clerk of Court having

entered the default of Defendant on February 3, 2026 [ECF No. 5]; and this Court having entered

an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for March 12, 2026 at

10:00 AM ET, at which Defendant was directed to show cause why the Clerk's Entry of Default

should not remain in effect and at which Plaintiff's Motion for Default Judgment was to be heard;

and

this Court having held a hearing on March 12, 2026 (the "Hearing") at which Plaintiff and

Defendant both appeared, and Defendant having requested a two-week extension to file a

conforming objection to the Motion; and

this Court having entered a Scheduling Order [ECF No. 14] on March 13, 2026, extending the

deadline for Defendant to file an objection to no later than **5:00 PM (EST) on March 26, 2026

(the "Deadline")**, and providing that any such objection must be in the form of a pleading in

conformance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local

Bankruptcy Rules, and further providing that if no conforming objection was filed by the Deadline,

the Court would grant the Motion without holding another hearing; and

the Deadline set forth in ECF No. 14 having passed without Defendant filing a conforming

objection; and

due notice of the Motion having been given to Defendant and her counsel of record; and

this Court having considered the Motion, the Cornell Affidavit with Exhibits, the Memorandum,

the Complaint, and the entire record herein; and the Court having determined that the well-pleaded

factual allegations of the Complaint, deemed admitted upon default, establish a basis for relief

under both 11 U.S.C. § 727 and 11 U.S.C. § 523; and after due deliberation and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default [ECF No. 5] is sustained and shall not be vacated; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is entered in favor of Plaintiff Jonathan Cornell and against Defendant Brittney Michelle Watkins; and it is further

**ORDERED, ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5), the discharge of Defendant Brittney Michelle Watkins is hereby denied; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in addition to the denial of discharge granted in the preceding decretal paragraph, and based upon the independent grounds established by the well-pleaded allegations of the Complaint, the debt owed by Defendant to Plaintiff is determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the total amount of Defendant's non-dischargeable obligation to Plaintiff is $81,267.79, comprising:

(a) Pre-petition balance of $62,644.88, consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and

(b) Post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025; $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs;

and the foregoing amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim for purposes of all subsequent proceedings, including but not limited to any state court action to reduce said claim to a money judgment and enforce collection thereof; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the determination of non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B) shall be binding and have preclusive effect in any subsequent bankruptcy case filed by or against Defendant under any chapter of the Bankruptcy Code, including but not limited to Chapters 7, 11, 12, and 13; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded pre-judgment interest at the rate of 9% per annum pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, calculated from the date each obligation accrued through the date of this Order, and post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961, and such interest constitutes part of the non-dischargeable debt pursuant to *Cohen v. de la Cruz*, 523 U.S. 213 (1998); and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded costs and expenses of this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule

of Civil Procedure 54(d), in an amount to be determined upon submission of a bill of costs in accordance with 28 U.S.C. § 1920; and it is further

**ORDERED** that this Court retains jurisdiction to enforce the terms of this Order and to determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that Plaintiff is granted such other and further relief as is just and proper.

Dated: March __, 2026
New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          :
                                                                :—— Chapter 7
BRITTNEY MICHELLE WATKINS,                                       :——__
                                                                :    Case No. 25-10264-lgb
                                                                :
                        ~~Debtor.~~                             :
                                    Debtor          :
-------------------------------------------------------------x
                                                                :
JONATHAN CORNELL,                                               :    Adv. Proc. No. 25-01161
                                                                :
                        *Plaintiff,*                            :    ~~Adv. Pro. No. 25-01161-lgb~~
                                                                :
         ~~-against-~~  _____ *v.*              :
                                                                :
BRITTNEY MICHELLE WATKINS,                                      :
                                                                :
                        *Defendant.*                            :
-------------------------------------------------------------x

**[PROPOSED]**
**DEFAULT JUDGMENT ORDER**

**UPON** the Motion for Default Judgment (the "Motion") of Plaintiff Jonathan Cornell ("Plaintiff"),

filed on February 25, 2026~~,~~ [ECF No. 10], together with the Affidavit of Jonathan Cornell in

Support of Plaintiff's Motion for Default Judgment (the "Cornell Affidavit") with Exhibits A

through V~~,~~ [ECF No. 10, Attachments 1–10], and the Memorandum of Law in Support of

Plaintiff's Motion for Default Judgment (the "Memorandum~~"); and Plaintiff appearing *pro se*;~~")

[ECF No. 11]; and the Complaint to Deny Discharge and Determine Dischargeability of Debt

[ECF No. 1] (the "Complaint") having been filed on December 29, 2025, and the Summons having

been issued by this Court on January 2, 2026 [ECF No. 2], and Plaintiff having served the

Summons and Complaint upon Defendant Brittney Michelle Watkins ("Defendant") and her

counsel of record, Jeb Singer, Esq. of J. Singer Law Group, on January 6, 2026 [ECF No. 3]; and

Plaintiff appearing pro se; and

Defendant having failed to answer, move, or otherwise respond to the Complaint within the time prescribed by Federal Rule of Bankruptcy Procedure 7012(a)(1); and the Clerk of Court having entered the default of Defendant on February 3, 2026 [ECF No. 5]; and this Court having entered an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for March 12, 2026 at 10:00 AM ET, at which Defendant was directed to show cause why the Clerk's Entry of Default should not remain in effect and at which Plaintiff's Motion for Default Judgment was to be heard; and

this Court having held a hearing on March 12, 2026 (the "Hearing") at which Plaintiff and Defendant both appeared, and Defendant having requested a two-week extension to file a conforming objection to the Motion; and

this Court having entered a Scheduling Order [ECF No. 14] on March 13, 2026, extending the deadline for Defendant to file an objection to no later than **5:00 PM (EST) on March 26, 2026 (the "Deadline"),** and providing that any such objection must be in the form of a pleading in conformance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, and further providing that if no conforming objection was filed by the Deadline, the Court would grant the Motion without holding another hearing; and

the Deadline set forth in ECF No. 14 having passed without Defendant filing a conforming objection; and

due notice of the Motion having been given to Defendant and her counsel of record; and

this Court having considered the Motion, the Cornell Affidavit with Exhibits, the Memorandum, the Complaint, and the entire record herein; and the Court having determined that the well-pleaded factual allegations of the Complaint, deemed admitted upon default, establish a basis for relief

under both 11 U.S.C. § 727 and 11 U.S.C. § 523; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default [ECF No. 5] is sustained and shall not be vacated; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is entered in favor of Plaintiff Jonathan Cornell and against Defendant Brittney Michelle Watkins; and it is further

**ORDERED, ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5), the discharge of Defendant Brittney Michelle Watkins is hereby denied; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in ~~the alternative~~addition to the ~~relief~~denial of discharge granted in the preceding decretal paragraph, ~~Plaintiff's~~and based upon the independent grounds established by the well-pleaded allegations of the Complaint, the debt ~~in the amount of $81,267.79~~owed by Defendant to Plaintiff is determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B~~), and such amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim for purposes of all subsequent proceedings, including any action to reduce said debt to judgment;~~); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the total amount of Defendant's non-dischargeable obligation to Plaintiff ~~pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B),~~ is $81,267.79, comprising:

(a)——Pre-petition balance of $62,644.88, consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and

(b)——Post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025; $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs;

~~and it is further~~

and the foregoing amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim for purposes of all subsequent proceedings, including but not limited to any state court action to reduce said claim to a money judgment and enforce collection thereof; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the determination of non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B) shall be binding and have preclusive effect in

any subsequent bankruptcy case filed by or against Defendant under any chapter of the Bankruptcy Code, including but not limited to Chapters 7, 11, 12, and 13; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded pre-judgment interest at the rate of 9% per annum pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, calculated from the date each obligation ~~arose~~accrued through the date of this Order, and post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961~~;~~, and such interest constitutes part of the non-dischargeable debt pursuant to *Cohen v. de la Cruz*, 523 U.S. 213 (1998); and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded costs and expenses of this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(d), in an amount to be determined upon submission of a bill of costs in accordance with 28 U.S.C. § 1920; and it is further

~~**ORDERED, ADJUDGED, AND DECREED** that the Court finds that the complete failure of Dominick Franklin White to comply with this Court's orders directing his Rule 2004 examination [ECF Nos. 23, 29, 30, 42 in Case No. 25-10264-lgb] supports adverse inferences that his testimony would have established facts unfavorable to Defendant regarding her income, financial accounts, and the circumstances of the fraudulent lease application, pursuant to *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); and it is further~~

**ORDERED** that this Court retains jurisdiction to enforce the terms of this Order and to determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that Plaintiff is granted such other and further relief as is just and proper.

Dated: ——————,March __, 2026
New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE