UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                    :
                                                          :          Chapter 7
BRITTNEY MICHELLE WATKINS,                                 :
                                                          :          Case No. 25-10264-lgb
                                      Debtor              :
------------------------------------------------------------------x
                                                          :
JONATHAN CORNELL,                                         :          Adv. Proc. No. 25-01161-lgb
                                                          :
                              Plaintiff,                   :
                                                          :
                  v.                                      :
                                                          :
BRITTNEY MICHELLE WATKINS,                                 :
                                                          :
                              Defendant.                  :
------------------------------------------------------------------x

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
### MOTION FOR DEFAULT JUDGMENT

Plaintiff Jonathan Cornell ("Plaintiff") respectfully submits this Reply pursuant to the

Scheduling Order [ECF No. 14] in response to the document filed by Defendant Brittney Michelle

Watkins ("Defendant") on March 25, 2026, styled "Answer to Complaint" (the "Filing"). The

Scheduling Order required Defendant to file an objection to Plaintiff's Motion for Default

Judgment [ECF No. 10]—not an answer to the Complaint. The Filing does neither.

The legal arguments and evidentiary record set forth in Plaintiff's Motion [ECF No. 10],

the Memorandum of Law [ECF No. 11], and the Affidavit of Jonathan Cornell with Exhibits A

through V [ECF No. 10] are incorporated herein by reference and will not be restated. This Reply

addresses only the significance of the Filing in the context of the Scheduling Order.

1

**I.      THE FILING DOES NOT CONSTITUTE A CONFORMING OBJECTION TO THE MOTION**

The Scheduling Order provides that if no conforming objection is filed by the Deadline, "the Court shall grant the Motion without holding another hearing." It further requires that any objection "be in the form of a pleading in conformance with the Federal Rules of Civil Procedure, the Bankruptcy Rules and the Local Bankruptcy Rules." The Filing satisfies neither the substantive nor the formal requirements of the Scheduling Order.

Substantively, the Scheduling Order required an objection to the Motion. The Filing does not address any of the three *Enron Oil* factors briefed in Plaintiff's Memorandum of Law [ECF No. 11]. It does not argue that Defendant's failure to answer was excusable or non-willful. It does not identify a meritorious defense to any of the five Counts. It does not address prejudice. Instead, it is styled "Answer to Complaint"—a document the Scheduling Order did not call for— and it does not respond to the Motion at all.

Formally, the Filing does not respond to the Complaint's numbered paragraphs as required by Rule 8(b); it omits the consent statement required by Bankruptcy Rule 7012(b); and it contains white placeholder text below its signature block —"[Your Address]" and "[Your Phone Number]"—indicating that Defendant did not fully review the document before filing it with this Court.

Because the Filing is not a conforming objection within the meaning of the Scheduling Order, its self-executing provision applies.

**II.      EVEN TREATED AS AN OBJECTION, THE FILING FAILS UNDER ENRON OIL**

Even if the Court were to treat the Filing as an objection and reach its substance, the Filing fails to satisfy any of the three *Enron Oil* factors necessary to vacate the Clerk's Entry of Default. Similarly, to the extent the Filing's requests to "fully participate in this case" and to deny default judgment (Filing ¶¶ 6, 7) are construed as a motion to vacate the default under Rule 55(c), the analysis is the same.

**A. The Default Was Willful**

Defendant has had over one hundred days since the Summons was issued and over sixty days since she acquired actual knowledge of this proceeding [ECF No. 7] to retain counsel and file a conforming pleading. Defendant claims she "did not fully understand the legal nature and significance" of the Complaint at the time of receipt (Filing ¶ 1), but whatever confusion may have existed was dispelled by the March 12, 2026 hearing,at which the Court personally addressed Defendant, and by the Scheduling Order's explicit instructions on what a conforming response must contain. Defendant responded with a seven-paragraph document that does not engage with the Motion.

Defendant states that she is "currently seeking new legal representation" (Filing ¶ 2), but this is the same representation she made in her February 9, 2026 letter [ECF No. 7], over six weeks before the Filing. She describes no specific efforts to obtain counsel and does not explain what has prevented her from retaining representation. The pattern reflects a deliberate choice not to engage, not an inability to do so.

**B. No Meritorious Defense Has Been Presented**

3

Because the Filing does not respond to any of the Complaint's numbered paragraphs, every factual allegation is deemed admitted under Rule 8(b)(6). But even the Filing's own voluntary statements confirm rather than contest the Complaint's allegations.

As to Counts IV and V: Defendant "acknowledges that concerns have been raised regarding documentation submitted during the rental application process" and attributes "any inaccuracies" to "reliance on assistance from others." (Filing ¶ 3.) This statement concedes that Defendant submitted the documents at issue and that those documents are inaccurate. It does not contest any element of Plaintiff's fraud claims as set forth in the Complaint and supporting Affidavit [ECF Nos. 1, 10]. The Filing explains the circumstances surrounding the inaccurate documents; it does not deny that they are inaccurate.

As to Count I: Defendant concedes "omissions or inaccuracies in Defendant's bankruptcy filings" and attributes them to "confusion, misunderstanding, and lack of proper legal guidance." (Filing ¶ 5.) This acknowledges that Defendant's schedules, signed under penalty of perjury, were materially incomplete, without identifying which omissions occurred or explaining how they came about.

The Filing does not address Count II (§ 727(a)(2)(A)) or Count III (§ 727(a)(5)) in any manner.

Defendant also acknowledges that she "left the Zoom proceeding" for the court-ordered Rule 2004 examination "due to fear and lack of preparation." (Filing ¶ 4.) The Filing offers no further explanation for this conduct.

The Filing identifies no defense to any of the five Counts.

**C. Prejudice to Plaintiff**

4

The prejudice to Plaintiff described in the Memorandum of Law [ECF No. 11] has only been compounded by the passage of additional time since the Motion was filed.

**CONCLUSION**

The Filing does not constitute a conforming objection within the meaning of the Scheduling Order. Its self-executing provision applies, and the Court should grant the Motion without holding another hearing.

In the alternative, if the Court treats the Filing as an objection and proceeds to the hearing scheduled for April 30, 2026 at 10:00 a.m. (EST) via Zoom, the Filing fails to satisfy any of the three *Enron Oil* factors. Plaintiff will appear and is prepared to address these matters and any questions the Court may have.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.      Grant the Motion for Default Judgment [ECF No. 10], whether on the basis that the Filing does not constitute a conforming objection under the Scheduling Order [ECF No. 14], or on the merits under *Enron Oil*;

2.      Enter the Proposed Amended Default Judgment Order [ECF No. 16] submitted to Chambers; and

3.      Grant such other and further relief as this Court deems just and proper.

Dated: April 14, 2026
        Manhasset, New York

Respectfully submitted,

_____
Jonathan Cornell, Pro Se
120 Bourndale Road North
Manhasset, NY 11030
(646) 374-8267
cornell.jonathan@gmail.com