Hearing Date: August 4, 2026, at 10:00 a.m. (ET)
Objection Deadline: July 28, 2026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                   :
                                                         :       Chapter 7
BRITTNEY MICHELLE WATKINS,                               :
                                                         :       Case No. 25-10264-lgb
                                           Debtor        :

---------------------------------------------------------------x
                                                         :
JONATHAN CORNELL,                                        :       Adv. Proc. No. 25-01161-lgb
                                                         :
                                           *Plaintiff,*  :
                                                         :
                     *v.*                                :
                                                         :
BRITTNEY MICHELLE WATKINS,                               :
                                                         :
                                           *Defendant.*  :

---------------------------------------------------------------x

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRITTNEY MICHELLE WATKINS

Plaintiff Jonathan Cornell ("Plaintiff"), appearing pro se, respectfully moves this Court for entry

of a default judgment against Defendant Brittney Michelle Watkins ("Defendant") pursuant to

Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary

proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy

Rule 7055-2(b) (the "Renewed Motion"). In support of the Renewed Motion, Plaintiff relies

upon the Clerk's Entry of Default entered June 16, 2026 [ECF No. 22]; the Declaration of

Jonathan Cornell for the Issuance of a Renewed Certificate of Default, with Exhibits A and B

[ECF No. 21]; the Supplemental Declaration of Jonathan Cornell dated July 10, 2026, with

Supplemental Exhibits 1 through 6, submitted herewith; the accompanying Supplemental

1

Memorandum of Law; and the entire record of this adversary proceeding, and respectfully states as follows:

1. This Court's Order Vacating Entry of Default [ECF No. 5] Against Defendant, entered May 4, 2026 [ECF No. 20] (the "Vacatur Order"), directed Defendant to file an answer to the Complaint, in full compliance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, by June 1, 2026, and expressly provided that "if the Defendant fails to file the Answer by June 1, 2026, the Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055."

2. Defendant filed nothing by June 1, 2026, and has filed nothing since. On June 16, 2026, the Clerk of the Court entered Defendant's second default in this adversary proceeding [ECF No. 22], and on June 18, 2026, the Bankruptcy Noticing Center served the Entry of Default upon Defendant by first class mail at both of her addresses of record [ECF Nos. 22-1, 23]. This Renewed Motion is made pursuant to the Vacatur Order's express authorization.

3. By this Renewed Motion, Plaintiff seeks entry of the proposed default judgment order annexed hereto as Exhibit A: (i) denying Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5); (ii) determining the debt owed by Defendant to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), and fixing the amount of that non-dischargeable obligation at $76,987.86 — after application in full of a $4,279.93 credit for third-party collections, as set forth in the Supplemental Declaration — together with interest as set forth in the proposed order; and (iii) granting such other and further relief as the Court deems just and proper.

4. In accordance with Local Bankruptcy Rule 7055-2(b), Plaintiff appends to this application: (i) the Clerk's Entry of Default [ECF No. 22], annexed to the Supplemental

2

Declaration as Supplemental Exhibit 1; (ii) a copy of the Complaint to which no response has been made [ECF No. 1], annexed to the Supplemental Declaration as Supplemental Exhibit 2; (iii) a proposed form of default judgment, annexed hereto as Exhibit A, which will also be submitted to Chambers in Word format, together with a redline against the amended proposed default judgment order annexed to Plaintiff's Amended Notice of Proposed Order [ECF No. 16] (the "Amended Proposed Order"), in accordance with the Court's Chambers Rules; and (iv) proof of service of this application, which will be filed promptly upon completion of service.

5. This Renewed Motion incorporates by reference, and does not restate, Plaintiff's Motion for Default Judgment and the Affidavit of Jonathan Cornell in Support, with Exhibits A through V [ECF No. 10], Plaintiff's Memorandum of Law in Support [ECF No. 11], Plaintiff's Amended Notice of Proposed Order [ECF No. 16], and Plaintiff's Reply in Further Support of Motion for Default Judgment [ECF No. 18]. The Supplemental Memorandum of Law submitted herewith addresses only matters arising after the April 30, 2026 hearing.

6. A hearing on this Renewed Motion has been scheduled for August 4, 2026, at 10:00 a.m. (prevailing Eastern Time), before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, by video conference (Zoom for Government), as set forth in the Notice of Hearing filed and served herewith. Notice of this Renewed Motion is being given to Defendant, the Chapter 7 Trustee, and the Office of the United States Trustee in accordance with Federal Rule of Civil Procedure 55(b)(2), Bankruptcy Rule 7055, and Local Bankruptcy Rules 9006-1(c) and 9004-2(b). Plaintiff respectfully submits that no other or further notice is required.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the proposed default judgment order annexed hereto as Exhibit A: (i) denying Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5); (ii) determining Defendant's debt to

Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B) and

fixing the amount thereof at $76,987.86, together with interest; and (iii) granting such other and

further relief as this Court deems just and proper.

Dated: July 10, 2026
        Manhasset, New York

Respectfully submitted,

_____

Jonathan Cornell, Pro Se
120 Bourndale Road North
Manhasset, New York 11030
Tel: (646) 374-8267
Email: cornell.jonathan@gmail.com

**Exhibit A:** [Proposed] Default Judgment Order

Hearing Date: August 4, 2026, at 10:00 a.m. (ET)
Objection Deadline: July 28, 2026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                            :
                                                  :        Chapter 7
BRITTNEY MICHELLE WATKINS,                         :
                                                  :        Case No. 25-10264-lgb
                                     Debtor        :
------------------------------------------------------------x
                                                  :
JONATHAN CORNELL,                                  :        Adv. Proc. No. 25-01161-lgb
                                                  :
                                     *Plaintiff*,  :
                                                  :
                        *v.*                       :
                                                  :
BRITTNEY MICHELLE WATKINS,                         :
                                                  :
                                     *Defendant*.  :
------------------------------------------------------------x

### <u>SUPPLEMENTAL DECLARATION OF JONATHAN CORNELL IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT</u>

Jonathan Cornell, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Plaintiff in the above-captioned adversary proceeding and appear pro se. I submit this Supplemental Declaration in support of Plaintiff's Renewed Motion for Default Judgment (the "Renewed Motion"), to authenticate Supplemental Exhibits 1 through 6 annexed hereto, to place before the Court the events occurring after the hearing held on April 30, 2026, and to disclose, and credit against Plaintiff's damages, collections received from a third party. This Supplemental Declaration supplements, and incorporates by reference, the Affidavit of Jonathan Cornell in Support of Plaintiff's Motion for Default Judgment, with Exhibits A through V [ECF No. 10], which sets forth the complete factual and evidentiary record supporting each of the five Counts of the Complaint [ECF No. 1] and the components of Plaintiff's damages.

1

2. On April 30, 2026, this Court held a hearing on Plaintiff's Motion for Default Judgment [ECF No. 10], at which both Plaintiff and Defendant appeared. On May 4, 2026, for the reasons stated on the record at that hearing, this Court entered its Order Vacating Entry of Default [ECF No. 5] Against Defendant [ECF No. 20] (the "Vacatur Order"). The Vacatur Order directed Defendant to file an answer to the Complaint, in full compliance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, by June 1, 2026, and expressly provided that if Defendant failed to do so, "the Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055." A true and correct copy of the Vacatur Order is annexed hereto as Supplemental Exhibit 3.

3. Defendant did not file an answer, a motion, or any other responsive pleading by June 1, 2026. On June 2, 2026, I filed a Declaration Pursuant to Local Bankruptcy Rule 7055-1 for the Issuance of a Renewed Certificate of Default, with Exhibits A and B [ECF No. 21]. On June 16, 2026, the Clerk of the Court entered Defendant's default pursuant to Bankruptcy Rule 7055 [ECF No. 22]. A true and correct copy of the Clerk's Entry of Default is annexed hereto as Supplemental Exhibit 1, in accordance with Local Bankruptcy Rule 7055-2(b)(i). On June 18, 2026, the Bankruptcy Noticing Center served the Entry of Default upon Defendant by first class mail at 2930 Wilson Avenue, Apt 1, Bronx, New York 10469 and at 143 Admiral Lane, Bronx, New York 10473 [ECF Nos. 22-1, 23].

4. I reviewed the electronic docket of this adversary proceeding on July 10, 2026, the date of this declaration. Defendant has filed nothing since her March 25, 2026 filing [ECF No. 17]. As of the date of this declaration, Defendant has not answered the Complaint, has not moved against it, has not sought an extension of time, has not communicated with Plaintiff, and has not

otherwise appeared or defended following the entry of the Vacatur Order. This is Defendant's second default in this adversary proceeding, and it occurred after this Court personally warned Defendant on the record at the April 30, 2026 hearing of the consequences of continued non-compliance, and after the Vacatur Order gave Defendant a final, unconditional opportunity to answer by a date certain.

5. The docket further reflects that on June 9, 2026, Jeb Singer, Esq. was terminated from the case docket. Mr. Singer never appeared in this adversary proceeding. Defendant proceeds pro se, and her address of record remains 2930 Wilson Avenue, Apt 1, Bronx, New York 10469, the address at which she has accepted service throughout this proceeding and which she confirmed under oath at the meeting of creditors held pursuant to 11 U.S.C. § 341.

6. In accordance with Local Bankruptcy Rule 7055-2(b)(ii), a true and correct copy of the Complaint to Deny Discharge and Determine Dischargeability of Debt [ECF No. 1], to which no response has been made, is annexed hereto as Supplemental Exhibit 2.

7. Defendant is not an infant or an incompetent person. In accordance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, I conducted a further search of the Defense Manpower Data Center (DMDC) database on July 10, 2026, which confirmed that Defendant is not currently on active-duty military service in any branch of the United States Armed Forces. A true and correct copy of that SCRA Status Report, dated July 10, 2026, is annexed hereto as Supplemental Exhibit 4. An earlier SCRA Status Report, dated June 2, 2026, was filed with this Court as Exhibit A to ECF No. 21.

8. The rental application that Defendant and Dominick Franklin White submitted to me on or about June 17, 2023 for the premises at 143 Admiral Lane included a purported prior-landlord reference from an individual identifying herself as "Amanda Moss," who claimed to be

3

an agent of 1719 Gates LLC when contacted by telephone at the number provided with the application [ECF No. 10 ¶ 3 & Ex. A; see also id. ¶¶ 6–7 & Exs. D–E; Case No. 25-10264-lgb, ECF No. 18-9 ¶¶ 15–17]. Based on my communications with representatives of 1719 Gates LLC and its management company, CW Realty Group, I was informed that no individual named Amanda Moss was employed by or authorized to act on behalf of 1719 Gates LLC during the relevant period. Records produced to me by Early Warning Services, LLC ("EWS"), the operator of the Zelle network, in response to a subpoena served in the main bankruptcy case, and certified by EWS as its business records, establish that the telephone number provided for "Amanda Moss" on the application is enrolled as the Zelle token of an account registered in the name of Amanda Watkins. I have compared the telephone number on the application that I called on June 19, 2023 against the number in the EWS records, and they match exactly. A true and correct copy of the relevant excerpt of the EWS production, together with EWS's certification of records and its transmittal letter dated August 26, 2025 [Exhibit M to ECF No. 10], is annexed hereto as Supplemental Exhibit 6.

9. Plaintiff's damages are fully supported by the documentary record already before the Court, including the Lease, the tenant ledger, the judgments of possession of the Civil Court of the City of New York, Bronx County (Index Nos. LT-308077-24/BX and LT-324389-24/BX), and the records annexed to the Cornell Affidavit as Exhibits A through V [ECF No. 10], and are restated here with one adjustment: a credit for third-party collections, described in paragraphs 10 and 11 below. Defendant's total obligation to Plaintiff is $76,987.86, comprising: (a) a pre-petition balance of $58,364.95, consisting of $19,800.00 in unpaid rent (January through June 2024, at $3,300.00 per month), less the $4,279.93 credit described below (a net rent component of $15,520.07), plus $39,600.00 in holdover rent (July 2024 through February 2025, at $4,950.00

per month, the 150% holdover rate fixed by Paragraph 36 of the Lease), plus $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and (b) post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1 through 27, 2025, $50.00 in post-petition late fees, $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs, and $11,946.96 in property damage and post-vacancy restoration costs.

10.  I disclose the following so that the Court has a complete and accurate accounting of every credit. Defendant and Dominick Franklin White executed the Lease together as tenants, and the Lease provides that each tenant is "jointly and individually liable" for all obligations under it, including rent. Lease ¶ 13 [ECF No. 10, Ex. F]. In the Bronx County nonpayment proceeding, Index No. LT-308077-24/BX, I recovered a money judgment against Mr. White for the unpaid rent for January and February 2024 — two of the same six months of unpaid rent for which I seek recovery from Defendant here. Defendant did not appear in that proceeding, and no money judgment was entered against her there; as to Defendant, I obtained a judgment of possession only. See ECF No. 10 ¶ 24. A New York City Marshal is collecting on the judgment against Mr. White through an income execution against his wages. Between July 7, 2025 and June 11, 2026, I received twelve monthly remittances from the Marshal totaling $4,279.93, and collection remains ongoing. Each remittance is itemized by date and amount in the updated statement of account annexed hereto as Supplemental Exhibit 5, which is current through July 10, 2026. Apart from those remittances, no payment has been received from Defendant, or from anyone on her behalf, on account of any amount sought in this proceeding, whether before or after the petition date.

11.  Until shortly before this filing, I did not understand that sums a City Marshal collects from Mr. White's wages under the state-court judgment — a judgment to which Defendant is not

5

subject — had to be tracked and credited against the amount I seek from Defendant in this federal proceeding. Because Defendant and Mr. White are jointly obligated on the same debt under the same Lease, I now understand that the debt may be recovered only once, no matter which of them pays it, and that every dollar the Marshal remits reduces what Defendant owes. On coming to that understanding, I recalculated my damages, and I make this disclosure in the interest of complete candor to the Court. The $81,267.79 stated in my earlier papers [ECF Nos. 10, 16, 18] reflected charges through July 30, 2025 and did not credit the Marshal remittances, the first of which I had received on July 7, 2025; that figure was accordingly overstated, at the time of each of those filings, by the amount of the remittances received to that date, and I correct it here. Because the judgment being collected is for January and February 2024 rent, I have applied the entire $4,279.93 credit against the January through June 2024 rent component of my claim, reducing that component from $19,800.00 to $15,520.07 and the total to $76,987.86. Any sums the Marshal remits after July 10, 2026 will further reduce Defendant's balance, and I will account for every such sum in any enforcement proceeding.

12. A proposed form of default judgment is annexed to the Renewed Motion as Exhibit A, in accordance with Local Bankruptcy Rule 7055-2(b)(iii). Following the hearing, and in accordance with the Court's Chambers Rules, Plaintiff will submit the proposed order to Chambers by email in Word format, together with a redline showing the differences between the proposed order and the amended proposed default judgment order annexed to Plaintiff's Amended Notice of Proposed Order [ECF No. 16].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 10, 2026
         Manhasset, New York

                                        Respectfully submitted,

                                        _____
                                        Jonathan Cornell, Pro Se
                                        120 Bourndale Road North
                                        Manhasset, New York 11030
                                        Tel: (646) 374-8267
                                        Email: cornell.jonathan@gmail.com

7

## SUPPLEMENTAL EXHIBITS

**Supplemental Exhibit 1:** Clerk's Entry of Default, entered June 16, 2026 [ECF No. 22]

**Supplemental Exhibit 2:** Complaint to Deny Discharge and Determine Dischargeability of Debt [ECF No. 1]

**Supplemental Exhibit 3:** Order Vacating Entry of Default [ECF No. 5] Against Defendant, entered May 4, 2026 [ECF No. 20]

**Supplemental Exhibit 4:** SCRA Status Report, Defense Manpower Data Center, dated July 10, 2026

**Supplemental Exhibit 5:** Updated Statement of Account, 143 Admiral Lane, Bronx, New York, current through July 10, 2026 (itemizing all charges and all credits, including twelve City Marshal remittances totaling $4,279.93)

**Supplemental Exhibit 6:** Early Warning Services, LLC (Zelle) subpoena production excerpt, with EWS certification of records and transmittal letter dated August 26, 2025

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                          :
                                                                :        Chapter 7
BRITTNEY MICHELLE WATKINS,                                       :
                                                                :        Case No. 25-10264-lgb
                                        Debtor                   :

----------------------------------------------------------------x
                                                                :
JONATHAN CORNELL,                                               :        Adv. Proc. No. 25-01161-lgb
                                                                :
                                        Plaintiff,              :
                                                                :
                        v.                                      :
                                                                :
BRITTNEY MICHELLE WATKINS,                                       :
                                                                :
                                        Defendant.              :

----------------------------------------------------------------x

## [PROPOSED]
## DEFAULT JUDGMENT ORDER

UPON the Renewed Motion for Default Judgment (the "Renewed Motion") of Plaintiff Jonathan

Cornell ("Plaintiff"), filed on July 10, 2026, together with the Supplemental Declaration of

Jonathan Cornell with Supplemental Exhibits 1 through 6 and the Supplemental Memorandum of

Law submitted therewith; and upon Plaintiff's Motion for Default Judgment (the "Motion"),

filed on February 25, 2026 [ECF No. 10], together with the Affidavit of Jonathan Cornell in

Support of Plaintiff's Motion for Default Judgment (the "Cornell Affidavit") with Exhibits A

through V [ECF No. 10, Attachments 1–10], the Memorandum of Law in Support of Plaintiff's

Motion for Default Judgment (the "Memorandum") [ECF No. 11], the Amended Notice of

Proposed Order [ECF No. 16], which annexed Plaintiff's amended proposed default judgment

order (the "Amended Proposed Order"), and Plaintiff's Reply in Further Support of Motion for

Default Judgment [ECF No. 18]; and the Complaint to Deny Discharge and Determine

1

Dischargeability of Debt [ECF No. 1] (the "Complaint") having been filed on December 29, 2025, and the Summons having been issued by this Court on January 2, 2026 [ECF No. 2], and Plaintiff having served the Summons and Complaint upon Defendant Brittney Michelle Watkins ("Defendant") on January 6, 2026 [ECF No. 3]; and Plaintiff appearing pro se; and

Defendant having failed to answer, move, or otherwise respond to the Complaint within the time prescribed by Federal Rule of Bankruptcy Procedure 7012(a)(1); and the Clerk of Court having entered the default of Defendant on February 3, 2026 [ECF No. 5]; and this Court having entered an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for March 12, 2026; and this Court having held a hearing on March 12, 2026 (the "First Hearing") at which Plaintiff and Defendant both appeared; and this Court having entered a Scheduling Order [ECF No. 14] on March 13, 2026, extending the deadline for Defendant to file a conforming objection to the Motion to March 26, 2026; and Defendant having filed a document styled "Answer to Complaint" on March 25, 2026 [ECF No. 17]; and Plaintiff having filed a Reply in Further Support of the Motion on April 14, 2026 [ECF No. 18]; and this Court having held a hearing on April 30, 2026 (the "Second Hearing") at which Plaintiff and Defendant both appeared; and this Court having entered, on May 4, 2026, for the reasons stated on the record at the Second Hearing, the Order Vacating Entry of Default [ECF No. 5] Against Defendant [ECF No. 20] (the "Vacatur Order"), which vacated the February 3, 2026 entry of default, directed Defendant to file an answer to the Complaint, in full compliance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, by June 1, 2026, and provided that if Defendant failed to file the answer by June 1, 2026, Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055; and Defendant having failed to file an answer or any other responsive pleading by June 1,

2

2026, or at any time thereafter; and Plaintiff having filed a Declaration Pursuant to Local Bankruptcy Rule 7055-1 for the Issuance of a Renewed Certificate of Default on June 2, 2026 [ECF No. 21]; and the Clerk of Court having entered the default of Defendant pursuant to Bankruptcy Rule 7055 on June 16, 2026 [ECF No. 22] (the "Entry of Default"), notice of which was served upon Defendant by the Bankruptcy Noticing Center on June 18, 2026 [ECF No. 23]; and due and sufficient notice of the Renewed Motion having been given to Defendant in accordance with Federal Rule of Civil Procedure 55(b)(2), Bankruptcy Rule 7055, and Local Bankruptcy Rule 9006-1(c), and to the Chapter 7 Trustee and the Office of the United States Trustee; and this Court having held a hearing on the Renewed Motion on August 4, 2026; and this Court having considered the Renewed Motion, the Supplemental Declaration with Supplemental Exhibits, the Supplemental Memorandum of Law, the Motion, the Cornell Affidavit with Exhibits, the Memorandum, the Complaint, and the entire record herein; and the Court having determined that the well-pleaded factual allegations of the Complaint, deemed admitted upon default, establish a basis for relief under both 11 U.S.C. § 727 and 11 U.S.C. § 523; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default entered June 16, 2026 [ECF No. 22] is sustained and shall not be vacated; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is entered in favor of Plaintiff Jonathan Cornell and against Defendant Brittney Michelle Watkins; and it is further

**ORDERED, ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5), the discharge of Defendant Brittney Michelle Watkins is hereby denied; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in addition to the denial of discharge granted in the preceding decretal paragraph, and based upon the independent grounds established by the well-pleaded allegations of the Complaint, the debt owed by Defendant to Plaintiff is determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the total amount of Defendant's non-dischargeable obligation to Plaintiff is $76,987.86 as of July 10, 2026, comprising:

(a) Pre-petition balance of $58,364.95, consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month), less a credit of $4,279.93 for sums collected through a City Marshal's income execution against co-obligor Dominick Franklin White under the judgment in Index No. LT-308077-24/BX (a net rent component of $15,520.07); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and

(b) Post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025; $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs;

4

and the foregoing amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim as of July 10, 2026 for purposes of all subsequent proceedings, including but not limited to any state court action to reduce said claim to a money judgment and enforce collection thereof, subject to credit for any additional sums collected on the same underlying obligation after that date; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the determination of non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B) shall be binding and have preclusive effect in any subsequent bankruptcy case filed by or against Defendant under any chapter of the Bankruptcy Code, including but not limited to Chapters 7, 11, 12, and 13; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the non-dischargeable debt determined herein includes pre-judgment interest at the statutory rate under N.Y. C.P.L.R. §§ 5001 and 5004, as a component of the debt to be calculated in connection with entry of a money judgment in the state-court action, such interest constituting part of the non-dischargeable debt pursuant to Cohen v. de la Cruz, 523 U.S. 213 (1998); and it is further.

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded costs and expenses of this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054(b)(1), in an amount to be determined upon submission of a bill of costs in accordance with 28 U.S.C. § 1920; and it is further

**ORDERED** that this Court retains jurisdiction to enforce the terms of this Order and to determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that Plaintiff is granted such other and further relief as is just and proper.

Dated: _____, 2026
New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                              :
                                                    :          Chapter 7
BRITTNEY MICHELLE WATKINS,                           :
                                                    :          Case No. 25-10264-lgb
                              Debtor                 :

-------------------------------------------------------------x
                                                    :
JONATHAN CORNELL,                                   :          Adv. Proc. No. 25-01161-lgb
                                                    :
_____ _____               Plaintiff,      :
                                                    :

_____ _____            :
_____                 v.                            :
                                                    :
BRITTNEY MICHELLE WATKINS,                           :
                                                    :
_____ _____               Defendant.      :

-------------------------------------------------------------x

**[PROPOSED]**
**DEFAULT JUDGMENT ORDER**


UPON the Renewed Motion for Default Judgment (the "Renewed Motion") of Plaintiff Jonathan

Cornell ("Plaintiff"), filed on July 10, 2026, together with the Supplemental Declaration of

Jonathan Cornell with Supplemental Exhibits 1 through 6 and the Supplemental Memorandum of

Law submitted therewith; and upon Plaintiff's Motion for Default Judgment (the "Motion"), filed

on February 25, 2026 [ECF No. 10], together with the Affidavit of Jonathan Cornell in Support of

Plaintiff's Motion for Default Judgment (the "Cornell Affidavit") with Exhibits A through V [ECF

No. 10, Attachments 1–10], and the Memorandum of Law in Support of Plaintiff's Motion for

Default Judgment (the "Memorandum") [ECF No. 1111], the Amended Notice of Proposed Order

[ECF No. 16], which annexed Plaintiff's amended proposed default judgment order (the

"Amended Proposed Order"), and Plaintiff's Reply in Further Support of Motion for Default

1

Judgment [ECF No. 18]; and the Complaint to Deny Discharge and Determine Dischargeability of Debt [ECF No. 1] (the "Complaint") having been filed on December 29, 2025, and the Summons having been issued by this Court on January 2, 2026 [ECF No. 2], and Plaintiff having served the Summons and Complaint upon Defendant Brittney Michelle Watkins ("Defendant") ~~and her counsel of record, Jeb Singer, Esq. of J. Singer Law Group,~~ on January 6, 2026 [ECF No. 3]; and Plaintiff appearing pro se; and

Defendant having failed to answer, move, or otherwise respond to the Complaint within the time prescribed by Federal Rule of Bankruptcy Procedure 7012(a)(1); and the Clerk of Court having entered the default of Defendant on February 3, 2026 [ECF No. 5]; and this Court having entered an Order to Show Cause [ECF No. 8] scheduling a consolidated hearing for March 12, 2026 ~~at 10:00 AM ET, at which Defendant was directed to show cause why the Clerk's Entry of Default should not remain in effect;~~ and ~~at which Plaintiff's Motion for Default Judgment was to be heard; and~~

this Court having held a hearing on March 12, 2026 (the "First Hearing") at which Plaintiff and Defendant both appeared~~, and Defendant having requested a two-week extension to file a conforming objection to the Motion; and~~

; and this Court having entered a Scheduling Order [ECF No. 14] on March 13, 2026, extending the deadline for Defendant to file ~~an objection to no later than~~ **5:00 PM (EST) on March 26, 2026 (the "Deadline")**, ~~and providing that any such objection must be in the form of a pleading in conformance~~a conforming objection to the Motion to March 26, 2026; and Defendant having filed a document styled "Answer to Complaint" on March 25, 2026 [ECF No. 17]; and Plaintiff having filed a Reply in Further Support of the Motion on April 14, 2026 [ECF No. 18]; and this Court

having held a hearing on April 30, 2026 (the "Second Hearing") at which Plaintiff and Defendant both appeared; and

this Court having entered, on May 4, 2026, for the reasons stated on the record at the Second Hearing, the Order Vacating Entry of Default [ECF No. 5] Against Defendant [ECF No. 20] (the "Vacatur Order"), which vacated the February 3, 2026 entry of default, directed Defendant to file an answer to the Complaint, in full compliance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, ~~and further providing that if no conforming objection was filed by the Deadline, the Court would grant the Motion without holding another hearing; and~~

~~the Deadline set forth in ECF No. 14 having passed without Defendant filing a conforming objection; and~~

~~due notice of the Motion having been given to Defendant and her counsel of record; and~~

~~this Court having considered~~ by June 1, 2026, and provided that if Defendant failed to file the answer by June 1, 2026, Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055; and Defendant having failed to file an answer or any other responsive pleading by June 1, 2026, or at any time thereafter; and Plaintiff having filed a Declaration Pursuant to Local Bankruptcy Rule 7055-1 for the Issuance of a Renewed Certificate of Default on June 2, 2026 [ECF No. 21]; and the Clerk of Court having entered the default of Defendant pursuant to Bankruptcy Rule 7055 on June 16, 2026 [ECF No. 22] (the "Entry of Default"), notice of which was served upon Defendant by the Bankruptcy Noticing Center on June 18, 2026 [ECF No. 23]; and due and sufficient notice of the Renewed Motion having been given to Defendant in accordance with Federal Rule of Civil Procedure

3

55(b)(2), Bankruptcy Rule 7055, and Local Bankruptcy Rule 9006-1(c), and to the Chapter 7 Trustee and the Office of the United States Trustee; and this Court having held a hearing on the Renewed Motion on August 4, 2026; and this Court having considered the Renewed Motion, the Supplemental Declaration with Supplemental Exhibits, the Supplemental Memorandum of Law, the Motion, the Cornell Affidavit with Exhibits, the Memorandum, the Complaint, and the entire record herein; and the Court having determined that the well-pleaded factual allegations of the Complaint, deemed admitted upon default, establish a basis for relief under both 11 U.S.C. § 727 and 11 U.S.C. § 523; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default entered June 16, 2026 [ECF No. ~~5~~22] is sustained and shall not be vacated; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is entered in favor of Plaintiff Jonathan Cornell and against Defendant Brittney Michelle Watkins; and it is further

**ORDERED, ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5), the discharge of Defendant Brittney Michelle Watkins is hereby denied; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in addition to the denial of discharge granted in the preceding decretal paragraph, and based upon the independent grounds established by the well-pleaded allegations of the Complaint, the debt owed by Defendant to Plaintiff is determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B); and it is further

4

**ORDERED, ADJUDGED, AND DECREED** that the total amount of Defendant's non-dischargeable obligation to Plaintiff is $~~81,267.79~~76,987.86 as of July 10, 2026, comprising:

(a) Pre-petition balance of $~~62,644.88~~58,364.95, consisting of $19,800.00 in unpaid rent (January–June 2024 at $3,300/month), less a credit of $4,279.93 for sums collected through a City Marshal's income execution against co-obligor Dominick Franklin White under the judgment in Index No. LT-308077-24/BX (a net rent component of $15,520.07); $39,600.00 in holdover rent (July 2024–February 2025 at $4,950/month); and $3,244.88 in late fees, process server fees, court filing fees, and attorney fees; and

(b) Post-petition losses of $18,622.91, consisting of $4,311.09 in prorated holdover rent for March 1–27, 2025; $50.00 in post-petition late fees; $2,314.86 in post-petition legal fees, City Marshal fees, and eviction costs; and $11,946.96 in property damage and post-vacancy restoration costs;

and the foregoing amount is hereby fixed as the quantum of Plaintiff's non-dischargeable claim as of July 10, 2026 for purposes of all subsequent proceedings, including but not limited to any state court action to reduce said claim to a money judgment and enforce collection thereof, subject to credit for any additional sums collected on the same underlying obligation after that date; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the determination of non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B) shall be binding and have preclusive effect in any subsequent bankruptcy case filed by or against Defendant under any chapter of the Bankruptcy Code, including but not limited to Chapters 7, 11, 12, and 13; and it is further

**ORDERED, ADJUDGED, AND DECREED** that ~~Plaintiff is awarded~~the non-dischargeable debt determined herein includes pre-judgment interest at the statutory rate ~~of 9% per annum pursuant to~~ under N.Y. C.P.L.R. §§ 5001 and 5004, as a component of the debt to be calculated ~~from the date each obligation accrued through the date~~in connection with entry of ~~this Order, and post~~a money judgment ~~interest at~~in the ~~federal rate prescribed by 28 U.S.C. § 1961, and~~state-court action, such interest ~~constitutes~~constituting part of the non-dischargeable debt pursuant to Cohen v. de la Cruz, 523 U.S. 213 (1998); and it is further.

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded costs and expenses of this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054 ~~and Federal Rule of Civil Procedure 54(d~~(b)(1), in an amount to be determined upon submission of a bill of costs in accordance with 28 U.S.C. § 1920; and it is further

**ORDERED** that this Court retains jurisdiction to enforce the terms of this Order and to determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that Plaintiff is granted such other and further relief as is just and proper.

6

Dated: March  ,_____, 2026

New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE