Hearing Date: August 4, 2026, at 10:00 a.m. (ET)
Objection Deadline: July 28, 2026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                          :
                                                :     Chapter 7
BRITTNEY MICHELLE WATKINS,                       :
                                                :     Case No. 25-10264-lgb
                        Debtor                   :

------------------------------------------------------------x
                                                :
JONATHAN CORNELL,                                :     Adv. Proc. No. 25-01161-lgb
                                                :
                        *Plaintiff*,             :
                                                :
             *v.*                                :
                                                :
BRITTNEY MICHELLE WATKINS,                       :
                                                :
                        *Defendant.*             :

------------------------------------------------------------x

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION FOR DEFAULT JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ iii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. PROCEDURAL POSTURE SINCE THE APRIL 30, 2026 HEARING ................................ 2

III. ARGUMENT .......................................................................................................... 3

A. The Vacatur Order Itself Establishes Plaintiff's Entitlement to Proceed .............................. 3

B. Every Enron Oil Factor Now Weighs Decisively in Plaintiff's Favor .................................. 3

1. The Second Default Is Willful ........................................................................ 4

2. Defendant Has Never Presented a Meritorious Defense....................................... 4

3. The Prejudice to Plaintiff Compounds With Each Cycle of Default ................................ 5

C. The Well-Pleaded Allegations, Deemed Admitted, Establish Liability on Each Count ........ 6

D. The Court Should Fix the Non-Dischargeable Debt at $76,987.86 Without a Further
Evidentiary Hearing .................................................................................................. 7

i

E. The Notice Required by Rule 55(b)(2) Has Been Given ....................................................... 8

IV. CONCLUSION................................................................................................................ 9

ii

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981) .......................................................6

*Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182
      (2d Cir. 2015)..............................................................................................................................3, 4

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011) ...............................6

*Cohen v. de la Cruz*, 523 U.S. 213 (1998)...................................................................................7, 8

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) .......................................................2, 3, 4

*Field v. Mans*, 516 U.S. 59 (1995)..................................................................................................6

*Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38 (2d Cir. 1989)................................................7

*S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ............................................................................4

*State St. Bank & Trust Co. v. Inversiones Errazuriz Ltda.*, 374 F.3d 158 (2d Cir. 2004) ..............4

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997)...7


**Statutes**

11 U.S.C. § 523(a)(2)(A) .......................................................................................................1, 6, 9

11 U.S.C. § 523(a)(2)(B) .......................................................................................................1, 7, 9

11 U.S.C. § 727(a)(2)(A) .......................................................................................................1, 6, 9

11 U.S.C. § 727(a)(4)(A) .......................................................................................................1, 6, 9

11 U.S.C. § 727(a)(5)..............................................................................................................1, 6, 9

50 U.S.C. § 3931....................................................................................................................2

N.Y. C.P.L.R. 3002(a) ...........................................................................................................8


**Rules**

Fed. R. Bankr. P. 7054.................................................................................................................8

Fed. R. Bankr. P. 7055........................................................................................................1, 2, 3

Fed. R. Civ. P. 54(c) .................................................................................................................8

Fed. R. Civ. P. 55.............................................................................................................1, 3, 8, 9

Local Bankruptcy Rule 7055-1 .................................................................................................2

Local Bankruptcy Rule 7055-2(b) .............................................................................................3

Local Bankruptcy Rule 9006-1(c) .............................................................................................9

## I. PRELIMINARY STATEMENT

Plaintiff Jonathan Cornell ("Plaintiff") respectfully submits this Supplemental Memorandum of Law in support of his Renewed Motion for Default Judgment against Defendant Brittney Michelle Watkins ("Defendant"). This Memorandum supplements and incorporates by reference, without restating, the Memorandum of Law filed on February 25, 2026 [ECF No. 11], which sets out the governing standards under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), and 727(a)(5) and 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), and applies those standards, Count by Count, to the evidentiary record annexed to the Affidavit of Jonathan Cornell as Exhibits A through V [ECF No. 10]. This Memorandum addresses only what has changed since the hearing held on April 30, 2026 — because what has changed is dispositive.

By its Order Vacating Entry of Default, entered May 4, 2026 [ECF No. 20] (the "Vacatur Order"), this Court gave Defendant a final, unconditional opportunity: file an answer to the Complaint, in full compliance with the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Bankruptcy Rules, by June 1, 2026. The Vacatur Order stated the consequence of non-compliance in advance and in terms: "if the Defendant fails to file the Answer by June 1, 2026, the Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055." Defendant filed nothing by June 1, 2026, and has filed nothing since. On June 16, 2026, the Clerk of the Court entered Defendant's second default in this adversary proceeding [ECF No. 22].

The question presented by Plaintiff's first motion was whether an initial default by a pro se litigant should be excused. This Court answered that question in Defendant's favor, on generous terms and with a clear warning. The question now presented is different: whether a defendant who defaulted, appeared and was heard twice, was warned on the record, was given a

1

court-ordered deadline with the consequence of non-compliance spelled out in the order itself, and then defaulted again, may indefinitely arrest the adjudication of claims she has never substantively contested. Under *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), and its progeny, the answer is no.

## II. PROCEDURAL POSTURE SINCE THE APRIL 30, 2026 HEARING

On April 30, 2026, this Court held its second hearing on Plaintiff's Motion for Default Judgment [ECF No. 10], at which both parties appeared. On May 4, 2026, for the reasons stated on the record at that hearing, the Court entered the Vacatur Order [ECF No. 20], vacating the February 3, 2026 entry of default [ECF No. 5], directing Defendant to answer the Complaint in full compliance with the applicable rules by June 1, 2026, denying the Motion without prejudice solely on the ground of the vacatur, and expressly authorizing Plaintiff to seek a default and a default judgment upon Defendant's non-compliance.

June 1, 2026 passed without any filing by Defendant. On June 2, 2026, Plaintiff filed a Declaration Pursuant to Local Bankruptcy Rule 7055-1 for the Issuance of a Renewed Certificate of Default, supported by a current Servicemembers Civil Relief Act status report, 50 U.S.C. § 3931 [ECF No. 21]. On June 16, 2026, the Clerk entered Defendant's default pursuant to Bankruptcy Rule 7055 [ECF No. 22]. On June 18, 2026, the Bankruptcy Noticing Center served the Entry of Default on Defendant by first class mail at both of her addresses of record [ECF Nos. 22-1, 23]. The docket further reflects that on June 9, 2026, Jeb Singer, Esq., Defendant's counsel in the main bankruptcy case, who never appeared in this adversary proceeding, was terminated from the docket; Defendant proceeds pro se.

As of the date of this filing, Plaintiff has reviewed the docket and confirms that Defendant has filed nothing since her March 25, 2026 filing [ECF No. 17]: no answer, no

2

motion, no request for an extension, and no appearance of any kind following entry of the Vacatur Order. See Supplemental Declaration of Jonathan Cornell ("Supp. Decl.") ¶¶ 2–5.

### III. ARGUMENT

**A. The Vacatur Order Itself Establishes Plaintiff's Entitlement to Proceed**

This Renewed Motion does not ask the Court to take any step the Court has not already contemplated and authorized. The Vacatur Order fixed a date certain, and it fixed the consequence: "ORDERED, that if the Defendant fails to file the Answer by June 1, 2026, the Plaintiff may seek a default and a default judgment pursuant to Federal Rule of Civil Procedure 55, as incorporated by Bankruptcy Rule 7055." [ECF No. 20 at 3.] The condition has occurred. This Motion is the execution of the consequence this Court itself prescribed, brought in the manner the Local Rules require: in accordance with Local Bankruptcy Rule 7055-2(b), Plaintiff appends the Clerk's Entry of Default [ECF No. 22] (Supp. Ex. 1), a copy of the Complaint [ECF No. 1] (Supp. Ex. 2), a proposed form of default judgment (Exhibit A to the Renewed Motion), and proof of service, to be filed upon completion of service.

**B. Every Enron Oil Factor Now Weighs Decisively in Plaintiff's Favor**

In deciding whether to enter a default judgment, courts in this Circuit are guided by the same three criteria that govern relief from a default: (1) whether the default was willful; (2) whether the defaulting party has a meritorious defense; and (3) the level of prejudice to the non-defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). When Plaintiff's first motion was heard, the Court weighed those factors against the backdrop of a pro se defendant's first default. Defendant's own subsequent conduct has now resolved each factor against her.

3

**1. The Second Default Is Willful**

Willfulness in this context refers to conduct that is deliberate — "egregious" conduct that is "not satisfactorily explained." *Bricklayers*, 779 F.3d at 186–87 (default willful where defendants received the relevant filings yet failed to respond and offered no explanation); *S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) (unexplained failure to respond to a complaint, after notice, supports a finding of willfulness). The record here forecloses any suggestion of inadvertence, confusion, or lack of notice. Defendant appeared personally at the March 12, 2026 hearing and at the April 30, 2026 hearing. She was warned by the Court, on the record at the second of those hearings, of the consequences of continued non-compliance. The Vacatur Order then put the deadline and the consequence in writing. The Clerk's resulting Entry of Default was served on her by the Bankruptcy Noticing Center at both of her addresses of record [ECF No. 23]. Against that record, more than a month of complete silence — no answer, no motion, no request for more time, no communication of any kind — is not oversight but a choice. The first default was excused on the theory that Defendant did not understand what was required of her; after two hearings, a scheduling order, and the Vacatur Order's explicit directive, that theory is no longer available.

**2. Defendant Has Never Presented a Meritorious Defense**

To satisfy the meritorious-defense factor, a defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Trust Co. v. Inversiones Errazuriz Ltda.*, 374 F.3d 158, 167 (2d Cir. 2004) (citation omitted); *Enron Oil*, 10 F.3d at 98. Conclusory denials do not suffice. *McNulty*, 137 F.3d at 740. Defendant's March 25, 2026 filing [ECF No. 17] remains the totality of her substantive participation in this proceeding, and it concedes rather than contests the operative facts: it acknowledges that Defendant

4

submitted rental application documentation containing "inaccuracies" (¶ 3); it acknowledges that she left the court-ordered Rule 2004 examination (¶ 4); and it acknowledges "omissions or inaccuracies" in her bankruptcy filings (¶ 5). What it contests in wholly conclusory terms is intent, and it identifies no fact that, if proven, would constitute a defense to any of the five Counts. Nor could the intent denial survive the record now before the Court: the application's prior-landlord reference was a fictitious person — no "Amanda Moss" was employed by or authorized to act for 1719 Gates LLC — and the telephone number supplied for that reference is enrolled, according to Zelle-network records produced under subpoena and certified by Early Warning Services, to an account registered to Amanda Watkins, an individual sharing Defendant's surname. Supp. Decl. ¶ 8 & Supp. Ex. 6. A fabricated reference, reachable at a number enrolled to an account registered to an individual sharing Defendant's surname, is not confusion or "reliance on assistance from others"; it is a staged verification. The Vacatur Order gave Defendant precisely the opportunity the meritorious-defense factor contemplates: to place a real defense before the Court in a conforming answer. She filed nothing. A defendant who declines a court-ordered opportunity to articulate a defense cannot be heard to suggest that one exists.

### 3. The Prejudice to Plaintiff Compounds With Each Cycle of Default

Plaintiff commenced this adversary proceeding on December 29, 2025. In the six months since, the case has been fully briefed, heard twice, and delayed twice by Defendant's defaults. The prejudice to Plaintiff is not delay in the abstract: each cycle of default and vacatur has required Plaintiff to re-establish, at his own expense of time and cost, a procedural posture he had already lawfully obtained, while the adjudication of his claims — the necessary predicate to fixing his non-dischargeable claim and pursuing its reduction to judgment in a pending state

court action — remains arrested. Meanwhile, apart from $4,279.93 collected from a co-obligor's wages and credited in full (see Point III.D, infra; Supp. Decl. ¶¶ 10–11), Defendant's debt remains unpaid. Supp. Decl. ¶ 9. Denying relief now would signal that a defendant may indefinitely forestall judgment through serial non-participation, the very outcome the Vacatur Order's conditional authorization was designed to prevent.

**C. The Well-Pleaded Allegations, Deemed Admitted, Establish Liability on Each Count**

A defendant who defaults is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Complaint's allegations, and the documentary record corroborating them, are set out in full in the Memorandum of Law [ECF No. 11] and the Cornell Affidavit with Exhibits A through V [ECF No. 10], which Plaintiff incorporates by reference. In brief: the well-pleaded allegations establish that Defendant knowingly and fraudulently made false oaths in her schedules and statements and at her § 341 meeting, including the omission of financial accounts and the misstatement of her income (§ 727(a)(4)(A)); that she concealed property and financial accounts within one year before the petition and after it (§ 727(a)(2)(A)); that she has failed to explain satisfactorily the loss or deficiency of assets, including the disposition of income she received (§ 727(a)(5)); that she obtained the leasehold — an extension of credit in the form of possession of the premises — by false pretenses, false representations, and actual fraud, on which Plaintiff justifiably relied, *Field v. Mans*, 516 U.S. 59, 74–75 (1995) (§ 523(a)(2)(A)); see also Supp. Decl. ¶ 8 & Supp. Ex. 6 (the fictitious "Amanda Moss" landlord reference); and that she used materially false written statements respecting her financial condition — fabricated pay

6

stubs — that she caused to be made or published with intent to deceive, and on which Plaintiff reasonably relied (§ 523(a)(2)(B)).

Notably, Defendant's only filing does not deny these facts; it confirms their core. See Point III.B.2, supra. And the scope of the resulting non-dischargeable debt is not limited to the principal: "any debt" arising from the fraud — including associated fees, costs, and interest — is excepted from discharge. *Cohen v. de la Cruz*, 523 U.S. 213, 218, 223 (1998).

**D. The Court Should Fix the Non-Dischargeable Debt at $76,987.86 Without a Further Evidentiary Hearing**

Unlike liability, damages are not deemed admitted on default; they must be established with reasonable certainty. But no evidentiary hearing is required where the record supplies a sufficient basis: the Court may rely on detailed affidavits and documentary evidence. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). That basis exists here. The Lease, the tenant ledger, the two judgments of the Civil Court of the City of New York, Bronx County (Index Nos. LT-308077-24/BX and LT-324389-24/BX), and records annexed to the Cornell Affidavit as Exhibits A through V [ECF No. 10] document Plaintiff's losses. The Supplemental Declaration itemizes the total — $76,987.86, comprising a pre-petition balance of $58,364.95 and post-petition losses of $18,622.91 — and annexes an updated statement of account, current through July 10, 2026, itemizing every charge and every credit. Supp. Decl. ¶¶ 9–11 & Supp. Ex. 5.

The total reflects a credit of $4,279.93, which Plaintiff discloses and applies in full. Defendant and Dominick Franklin White are jointly and individually liable for the rent under the Lease. Lease ¶ 13 [ECF No. 10, Ex. F]. In the Bronx nonpayment proceeding, Plaintiff recovered

7

a money judgment against Mr. White alone — Defendant did not appear there and is not subject to it — for the January and February 2024 rent, two of the same six months of unpaid rent at issue here. A City Marshal's income execution against Mr. White's wages has produced twelve remittances totaling $4,279.93 through June 11, 2026. The unsatisfied portion of that judgment is no bar to this proceeding, see N.Y. C.P.L.R. 3002(a), but a creditor may have only one satisfaction of a single debt, so every dollar collected from Mr. White reduces, dollar for dollar, what Defendant owes on the same obligation. Plaintiff has accordingly credited the full amount against the January–June 2024 rent component of his claim, and the proposed order fixes the quantum as of July 10, 2026, subject to further credit for any post-July 10 collections upon enforcement. Supp. Decl. ¶¶ 10–11.

The amount sought conforms to the pleadings: it is less than the amount demanded in the Complaint, so the judgment neither differs in kind from, nor exceeds in amount, what was demanded. Fed. R. Civ. P. 54(c), made applicable by Fed. R. Bankr. P. 7054. Consistent with the approach reflected in ECF No. 16, the proposed order fixes the quantum of the non-dischargeable claim for purposes of all subsequent proceedings and reserves the reduction of that claim to a money judgment, and its collection, to the pending state court action. The proposed order provides for interest as part of the non-dischargeable debt. *Cohen*, 523 U.S. at 223.

**E. The Notice Required by Rule 55(b)(2) Has Been Given**

Because Defendant has appeared in this proceeding — personally, at two hearings, and by her filings [ECF Nos. 7, 17] — she is entitled to written notice of this application at least seven days before the hearing. Fed. R. Civ. P. 55(b)(2). Plaintiff filed the complete Renewed Motion papers, including the Notice of Hearing stating the August 4, 2026 return date and the July 28, 2026 objection deadline, on July 10, 2026 — twenty-five days before the return date —

8

in accordance with Local Bankruptcy Rule 9006-1(c)'s fourteen-day requirement and well beyond the seven days Rule 55(b)(2) requires, as will be reflected in the Certificate of Service to be filed upon completion of service.

### IV. CONCLUSION

For the reasons stated above, in the Memorandum of Law [ECF No. 11], and in the Reply [ECF No. 18], Plaintiff respectfully requests that the Court grant the Renewed Motion and enter the proposed default judgment order annexed as Exhibit A to the Renewed Motion: sustaining the Clerk's Entry of Default [ECF No. 22]; denying Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(2)(A), and 727(a)(5); determining Defendant's debt to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B); fixing the amount of the non-dischargeable obligation at $76,987.86, together with interest; and granting such other and further relief as the Court deems just and proper.

Dated: July 10, 2026
      Manhasset, New York

Respectfully submitted,

_____
Jonathan Cornell, Pro Se
120 Bourndale Road North
Manhasset, New York 11030
Tel: (646) 374-8267
Email: cornell.jonathan@gmail.com